**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MILTON LACHMAN,  )
        Plaintiff,  )
        v.  )      2:12-cv-1049-RCJ-PAL
          )      **ORDER**
MARILENE ISAACS, et al.,  )
        Defendants.  )
_____  )

        Currently before the Court is a motion to dismiss (#6) for failure to state a claim. For the following reasons, the motion to dismiss (#6) is granted.

**BACKGROUND**

        On June 20, 2012, Plaintiff Milton Lachman, who is proceeding pro se, filed a complaint in this Court against Defendants Marilene Isaacs, Brandi Akers, and Jennifer Phillips. (Compl. (#1) at 1). Plaintiff later filed an amended complaint on July 6, 2012 against Defendants Marilene Isaacs and Brandi Akers. (Am. Compl. (#5) at 1). The amended complaint voluntarily removed Jennifer Phillips as a defendant. (*Id.*).

        The amended complaint is a single page long and does not list any causes of action. (Am. Compl. (#1) at 1). The amended complaint merely alleges that "Defendants employed tactics which denied the Plaintiff a fair trial, and . . . entered into a conspiracy to do so" in violation of unnamed statutes. (*Id.*). The amended complaint also alleges that Defendants caused him to violate a protective order, of which Plaintiff was later found guilty. (*Id.*).

        Defendant Brandi Akers, also proceeding pro se, filed a motion to dismiss the amended complaint for failure to state a claim on July 16, 2012. (Mot. to Dismiss (#6)).

**LEGAL STANDARD**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " nor will " 'naked assertions' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

The amended complaint must be dismissed because it is fatally deficient. The

amended complaint does not list a single cause of action, nor does it state any legal grounds upon which relief may be granted. Plaintiff has also failed to allege sufficient facts that would allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. Plaintiff only alleges that Defendants entered into a conspiracy to deprive him of a fair trial and caused him to violate a protective order. Yet the amended complaint provides no details of the conspiracy and fails to describe how Defendants caused him to violate any protective order. Such conclusory allegations and naked assertions devoid of further factual enhancement are insufficient to support a claim for relief. As Plaintiff has failed to state any legal basis upon which his claim rests and has failed to plead sufficient facts to support the allegations in his amended complaint, the Court grants the motion to dismiss and sua sponte dismisses all claims against the remaining Defendant, Marilene Isaacs, with leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to dismiss (#6) is GRANTED with leave to amend.

IT IS FURTHER ORDERED that the Court sua sponte dismisses all claims against Marilene Isaacs with leave to amend.

Dated: This 21st day of September, 2012.

_____
United States District Judge