**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MILTON LACHMAN, ) | |
|     Plaintiff, ) | |
|     v. ) | 2:12-cv-1049-RCJ-PAL |
| MARILENE ISAACS and BRANDI AKERS, ) | **ORDER** |
|     Defendants. ) | |
| _____ ) | |

Currently before the Court are Defendant Brandi Aker's Converted Motion to Dismiss (#17), Plaintiff's Motion for Default against Marilene Isaacs (#19), and Plaintiff's Motion for Summary Judgment against Brandi Akers (#20).

**BACKGROUND**

In July 2012, Plaintiff Milton Lachman, *pro se* and now a Nevada resident, filed a three-paragraph amended complaint against Defendants Marilene Isaacs and Brandi Akers. (Am. Compl. (#5)). In response, Akers, *pro se*, filed a motion to dismiss. (Mot. to Dismiss (#6)). In September 2012, this Court granted Aker's motion to dismiss with leave to amend and *sua sponte* dismissed all claims against Isaacs with leave to amend. (Order (#12) at 3).

On October 5, 2012, Plaintiff, *pro se*, filed an amended complaint against Akers and Isaacs in this Court based on federal question jurisdiction pursuant to 42 U.S.C. § 1985 and interstate commerce statutes. (October Am. Compl. (#15) at 1). The complaint alleged the following. (*Id.*). In March 2010, The Judge Judy Show had asked Plaintiff to appear on the show to adjudicate a trial that had been pending in Indiana's Marion County Small Claims Court between himself and Defendants. (*Id.*). Akers had accepted Plaintiff's offer for

alternative dispute resolution before Judge Judy in California. (*Id.* ). In June 2010, Akers had testified in small claims court and, at the end of the hearing, presented evidence that Plaintiff had violated a protective order. (*See id.*). Plaintiff alleged that Defendants had no intent of appearing before Judge Judy but said they agreed for the purpose of "entrapping" him into violating a protective order. (*Id.*). The entrapment was "planned as part of an interstate conspiracy" with Isaacs. (*Id.*).

The complaint alleged the following. (*Id.* at 2). Defendants had negotiated in "bad faith" for an alternative means of dispute resolution. (*Id.*). In October 2010, Plaintiff was found guilty of violating a protective order against Akers, which she "prosecuted" *pro se* in the Superior Court of Marion County, Indiana. (*Id.*). As a result, Plaintiff suffered an injury under 42 U.S.C. § 1985. (*Id.*). Plaintiff suffered damages as a result of a deceptive agreement made in bad faith because he had lost an all-expenses paid trip from Indiana to California to appear before Judge Judy. (*Id.*). When Defendants "repudiated said agreement by opting instead for trial before said small claims court, their lawyer immediately attempted to prosecute [Plaintiff] for a protective order violation" which resulted in influencing the judge's verdict and denying Plaintiff a fair trial. (*Id.*). Plaintiff lost that trial in which he attempted to recover a credit card charge from Isaacs for incomplete services. (*Id.*). Defendants conspired to impede, hinder, obstruct, or defeat the due course of justice because their attorney came ready to "prosecute" Plaintiff for a protective order violation which prevented Plaintiff from enforcing his rights to a fair trial under federal law and equal protection of the law. (*Id.*). Plaintiff sought $200,000 in relief. (*Id.* at 3).[1]

The pending motions now follow.

///

---

[1] Plaintiff's other filings explain that his cat died in the care of Isaacs while he was preparing to look for housing in Nevada. (*See* Mot. for Summ. J. (#20) at 3). He also asserts that he had paid for Akers to fly out with him to Nevada to look for housing, but that she broke off their engagement after pretending she wanted to move out there with him. (*Id.*). Akers' responsive filings state that she was never engaged to Plaintiff, never pretended to want to move to Las Vegas with him, and never agreed to go on The Judge Judy Show. (Opp'n to Mot. for Summ. J. (#23) at 1-2). She also states that, under the protective order, Plaintiff was not permitted to touch her, speak to her, or attempt to pass notes to her. (*Id.* at 1).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

3

enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.   Akers' Converted Motion to Dismiss (#17)**[2]

Akers, *pro se*, argues that she never agreed to appear on The Judge Judy Show and that Plaintiff has no grounds for making such a claim. (Converted Mot. to Dismiss (#17) at 1). She argues that all business transactions between she and Plaintiff had taken place in Indiana. (*Id.* at 2). She asserts that she did not entrap him because he had violated the protective order on his own free will with no provocation from Defendants. (*Id.*). She states that the hearing at issue had taken place before a judge and not a jury. (*Id.* at 3). She asserts that her attorney could not have prepared to try Plaintiff for a protective order violation because the violation was committed in the courtroom that same day. (*Id.*).

Plaintiff did not file a direct response to this motion. (*See generally* Docket Sheet). Instead, Plaintiff filed a motion for default judgment against Isaacs and a motion for summary judgment against Akers. (*See* Mot. for Default J. (#19); Mot. for Summ. J. (#20)).

In this case, the Court grants Akers' motion to dismiss all claims without leave to amend. Based on the complaint, Plaintiff appears to be alleging claims for violations of 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) and entrapment.

---

[2] Akers entitled this document "Reply to Milton Lachman's Amended Complaint" and the Clerk's Office docketed the document as such. (Converted Mot. to Dismiss (#17)). However, a closer review of this document demonstrates that this is a motion to dismiss. (*Id.* at 4). Accordingly, the Court will treat this document as Akers' motion to dismiss. (*Id.*).

4

Two or more persons violate § 1985 if they conspire to (1) prevent a federal officer from performing his or her duties, (2) intimidate a party, witness, or jury in federal court; or (3) deprive a person or class of persons of the equal protection of the laws or prevent a person from voting in a federal election.  42 U.S.C. § 1985(1)-(3).

"Entrapment" is a criminal defense and not a civil cause of action. *See Miller v. State*, 110 P.3d 53, 56 (Nev. 2005).  Entrapment is a defense "made available to defendants not to excuse their criminal wrongdoing but as a prophylactic device designed to prevent police misconduct." *Id*.  Under entrapment, the state presents an opportunity to commit a crime that the defendant is not predisposed to commit. *Id*.

The Court dismisses Plaintiff's cause of action for violations of § 1985.  Plaintiff's complaint addresses alleged violations that took place in a small claims court in Indiana and not in any federal court.  As such, Plaintiff fails to state a claim under 42 U.S.C. § 1985.  The Court also dismisses the entrapment cause of action because Defendants, who are not state actors, cannot "entrap" Plaintiff under the law.  Additionally, to the extent that Plaintiff is attempting to appeal the small claims court decision to this Court, the Court dismisses the case for lack of jurisdiction under the *Rooker-Feldman* doctrine.  *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (holding that *Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments).

As such, the Court grants Akers' Converted Motion to Dismiss (#17) in its entirety with prejudice.  The Court also *sua sponte* dismisses all claims against Isaacs with prejudice for the reasons stated above.

**II.     Plaintiff's Motion for Default Judgment against Isaacs (#19)**

Plaintiff files a motion for default judgment against Isaacs because she has failed to respond in this case. (Mot. for Default J. (#19)).  The Court denies this motion for the reasons stated above.

**III.    Plaintiff's Motion for Summary Judgment against Akers (#20)**

Plaintiff files a motion for summary judgment against Akers.  (Mot. for Summ. J. (#20)).

5

The Court denies this motion for the reasons stated above.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Court converts Defendant Akers' Reply to Milton Lachman's Amended Complaint (#17) into a Converted Motion to Dismiss.

IT IS FURTHER ORDERED that this Court GRANTS Defendant Akers' Converted Motion to Dismiss (#17) in its entirety without leave to amend. The Court DISMISSES all causes of action against Akers with prejudice. Additionally, the Court *sua sponte* DISMISSES all causes of action against Defendant Isaacs with prejudice.

IT IS FURTHER ORDERED that the Court DENIES Plaintiff's Motion for Default Judgment (#19).

IT IS FURTHER ORDERED that the Court DENIES Plaintiff's Motion for Summary Judgment (#20).

The Clerk of the Court shall enter judgment accordingly.

DATED: This 25th day of March, 2013.

_____
United States District Judge